| 41 | 461 |
| 66 | 455 |

| 41 | 461 |
| 92 | 85 |

THE FIRST NATIONAL BANK OF WEST TROY, RESPONDENT, *v.* MARGARET LEVY, AS EXECUTRIX, ETC., OF BERNARD LEVY, DECEASED, APPELLANT, IMPLEADED, ETC.

*Practice — when a report will not be sent back to a referee in order to allow him to make an award of costs inadvertently omitted from his report.*

After the delivery and service of a report in favor of the plaintiff, made by the referee before whom this action was tried, it was discovered that the report did not pass upon the question of costs. Upon a certificate of the referee stating that he had intended to have awarded costs to the plaintiff, but that by inadvertence he omitted to insert this provision in his report, an order was made sending the report back to the referee, with directions to decide and determine whether costs should be allowed, and, if so, to which party.

*Held,* that the order should be reversed and the motion be denied.

*Gardiner* v. *Schwab* (34 Hun, 582) followed.

The practice of sending a report back to the referee to supply alleged omissions ought not to be encouraged, and if allowed in any case it should be only to

supply some mere technical or clerical omission; not to reinvest that officer with judicial functions touching the case theretofore submitted for his decision. The necessity and propriety of such action should be clear.

APPEAL from an order made at the Albany Special Term, sending the report of the referee in this action back to the referee, with directions to him to pass upon and decide the question of costs, and to amend his report in accordance with such decision.

The referee to whom the action, which was a suit in equity, was referred to hear and determine, reported in favor of the plaintiff, but by inadvertence, omitted to pass upon the question of costs. After his report was delivered and a copy served upon the attorneys for the defendant, this omission was discovered, whereupon the referee certified that he intended to have awarded costs to plaintiff against the defendant Margaret Levy as executrix, but had inadvertently omitted this provision from his report. The plaintiff thereupon moved that the report be sent back with directions to him to pass upon and decide the question of costs in said action, and an order to that effect was made by the Special Term, from which order this appeal was taken.

*Nathaniel C. Moak,* for the appellant.

*Edgar L. Fursman,* for the respondent.

LANDON, J.:

The report of the referee is sufficiently full to permit judgment to be entered thereon determining the issues in the case. The action was in equity and as the referee did not award or deny costs, no costs can be adjudged in favor of or against either party. The referee has made a certificate in which he states that he intended to award costs to plaintiff, but by inadvertence omitted to do so.

We think the practice of sending a report back to the referee to supply alleged omissions ought not to be encouraged, and if allowed in any case it should be only to supply some merely technical or clerical omission; not to reinvest that officer with judicial functions touching the case theretofore submitted for his decision. The necessity and propriety of such action should be clear.

We refused to send back the report in *Gardiner* v. *Schwab* (34 Hun, 582). Here the plaintiff did not submit a request for an

award of costs. If this had been done possibly the defendant would have presented objections to the award proper for the consideration of the referee. In view of the certificate of the referee, if these objections should now be presented, it is difficult to see that they would be considered at their proper force.

The order should be reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.

LEARNED, P. J., and BOOKES, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.